## Brummett v. Bacot.
(Decided Jan. 24, 1936.)

M. C. ANDERSON for appellant.

J. D. VIA for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This case is before us on motion for an appeal.

R. H. Brummett brought the suit against G. W. Bacot to recover $457.52 for 1,204 bushels of peas, which Bacot had purchased at the price of 38 cents a bushel. Bacot answered and pleaded, in substance, that, instead of buying 1,204 bushels of peas, he bought 1,700 bushels, of which Brummett delivered only 1,204 bushels; that, relying upon the contract, he sold the peas to various persons and concerns, and, in order to carry out his contracts, he had to buy the peas at a higher price than he had agreed to pay Brummett for them, and it cost him $248 more money to comply with his contracts than it would have cost him if Brummett had complied with his contract. By agreement of the parties, the affirmative allegations of the answer were controverted of record. The trial before a jury resulted in a verdict and judgment for only $210.

One of the grounds on which a reversal is asked is that Brummett was not entitled to a judgment on his alleged counterclaim, as the caption of the answer did not contain the words "answer and counter-claim," as required by subsection 4, sec. 97, Civil Code of Practice. The contention is met by the claim that the Code requirement was waived by joinder of issue. The rule deducible from the authorities is that a joinder of issue on the facts pleaded in the answer will waive the Code requirement that the caption contain the words "answer and counter-claim" if the facts pleaded are sufficient to constitute a counterclaim. Cason v. Cason, 79 Ky. 558. Though the answer in question is controverted of record, Bacot did not ask for judgment over or plead facts showing that he was entitled to a judgment or to any affirmative relief whatever. On the contrary, he merely asked to be dismissed with his costs. In the circumstances there was no waiver of the Code provi-

sion, and Bacot was not entitled to judgment on his alleged counterclaim. Mitchell v. Smith, 231 Ky. 253, 21 S. W. (2d) 279.

Bacot was permitted to testify that he had offered to confess judgment for $209.52. This was error, as the Code expressly provides that an offer to confess judgment shall not be given in evidence upon the trial. Section 640, Civil Code of Practice; Little v. Security Mut. Life Ins. Co., 150 Ky. 35, 149 S. W. 1112.

Another contention is that the verdict is not sustained by the evidence. Bacot did not seek a recovery of the difference between the market price and the purchase price, but sought as damages the difference between the purchase price and what he was required to pay in order to fulfill his contracts with others. A careful analysis of his evidence shows that he had contracted to sell and deliver the following quantities of peas to the persons named: Snelson Seed Company, 802½ bushels; Pace Seed Company, 250 bushels; J. W. Whitaker, 100 bushels; to farmers, 38 bushels; Mrs. Lilliard, 5 bushels; Bernard Wilson, 25 bushels; D. F. Faulkner, 50 bushels—making a total of 1,270½ bushels, or 66½ bushels more than he actually received. Even if his counterclaim had been properly pleaded, the damages shown fell far below the sum of $248 allowed by the jury. We are therefore constrained to the view that the verdict allowing Brummett a recovery of only $209.52 is flagrantly against the evidence.

Wherefore the appeal is granted, and the judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.